Rachel TUCKER *v.* Jimmy RASDON

80-297                                         612 S.W. 2d 106

Supreme Court of Arkansas
Opinion delivered March 2, 1981

*Lessenberry & Carpenter*, by: *Thomas M. Carpenter*, for appellant.

*Matthews & Sanders*, by: *Roy Gene Sanders*, for appellee.

RICHARD B. ADKISSON, Chief Justice. This appeal is from a judgment in the amount of $10,075.00 against Rachel Tucker, appellant, for malicious prosecution. Jimmy Rasdon, appellee, filed suit after appellant caused him to be charged with theft of property and the proceedings were terminated in his favor.

While Rasdon and his family were tenants in one of Rachel Tucker's trailers, they witnessed her removing personal property from a trailer of another tenant, the Coles. The Coles filed suit against Tucker; and, after the Rasdons consented to testify about the incident, they moved from the rented trailer at Tucker's request.

Three weeks before the trial of the Coles' lawsuit, Mrs. Rasdon gave deposition testimony about Tucker removing the Coles' personal property. One week later Tucker filed charges against Rasdon for a theft which had allegedly occurred some nine months earlier at the time Rasdon was moving from the trailer; Tucker failed to appear in municipal court on either of the two settings and the charges were later dismissed.

I

The trial court did not err in permitting questioning during redirect examination about specific instances of conduct by Tucker. During the trial, Rasdon called Tucker as a witness on direct examination to prove that Tucker was responsible for having the criminal prosecution initiated. Tucker's attorney then examined her and elicited testimony supporting her defense — that Rasdon had, in fact, stolen her property. On redirect Rasdon sought to impeach Tucker by asking questions about a prior act of misconduct — whether she had committed perjury.

Tucker argues that regardless of the issue of truthfulness, the evidence was improper because it was offered on redirect as opposed to cross-examination as required by Rule 608(b), Uniform Rules of Evidence, Ark. Stat. Ann. § 28-1001 (Repl. 1979) which provides:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness. ...

This rule must be read along with Rule 607 which provides: "The credibility of a witness may be attacked by any party, including the party calling him."

The impeachment questions were not asked on direct examination, but on redirect, and then, only after Tucker's own attorney had fully developed all of appellant's testimony offered in defense and after the trial judge had declared Tucker a hostile witness, without objection, for purposes of

cross-examination.

Appellant states that the impeachment questions were not properly offered in light of *Gustafson* v. *State*, 267 Ark. 278, 590 S.W. 2d 853 (1979), which requires the examination must:

(1) be conducted in good faith;

(2) be such that its probative value outweighs its prejudicial effect; and

(3) be directed toward the misconduct of the witness relating to his truthfulness or untruthfulness.

We find that the requirements of *Gustafson* were met. First, the "good faith" requirement was met since, in this case, the witness, Tucker, admitted prior perjured testimony. Second, the test of probative value versus prejudicial effect was met since it was critical that the judge allow the jury to fully explore the credibility of the parties in this type of lawsuit — a matter which is within the trial court's discretion. Third, the requirement of relatedness of the misconduct to the witness's truthfulness is obviously met where the misconduct in question here was perjury.

## II

In civil cases this court will not consider whether the evidence was sufficient to sustain the verdict where the trial court had no opportunity to rule on the issue. Although the evidence appears overwhelming in favor of appellee, we will not consider this issue since it is being raised for the first time on appeal.

To preserve the sufficiency of the evidence issue on appeal appellant must comply with Rule 50(e) of the Ark. Rules of Civ. Proc. which provides:

Where there has been a trial by jury, the failure of a party to file a motion for directed verdict at the conclusion of all the evidence, or a motion for judgment notwithstanding the verdict, or a motion for new trial because of insufficiency of the evidence will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the jury verdict.

For the reasons stated herein, this judgment is affirmed.

PURTLE, J., not participating.